■  PHILIP HANDELMAN, Appellant, v. INDUSTRIAL DEVELOPMENT, INC., Respondent.— Order, entered on July 15, 1963, granting the motion by defendant, Industrial Development, Inc., to dismiss the second and third causes of action of an amended complaint for insufficiency pursuant to former subdivision 4 of rule 106 of the Rules of Civil Practice, unanimously modified only to the extent of providing for the dismissal of the third cause of action under former rule 113 of the Rules of Civil Practice, and, as so modified, affirmed, with $20 costs and disbursements to defendant-respondent, with leave to plaintiff to serve a further amended complaint within 20 days after service of a copy of the order to be entered hereon. The second cause of action is predicated on a retainer agreement and the third cause on promissory notes given pursuant to that agreement. The original complaint contained two causes of action: one against both defendants to recover on the retainer agreement and the other against the corporation on the notes. In *Handelman* v. *Olen* (11 A D 2d 987, affd. 11 N Y 2d 896) on motion of the individual defendant, the first cause of action of the original complaint was dismissed for legal insufficiency with leave to plaintiff to serve an amended complaint grounded on *quantum meruit*. Obviously, the second cause of action of the amended complaint suffers from the same infirmity as the cause of action based on the retainer agreement in the original complaint, and would, therefore, have to be dismissed for the same reason. The cause of action on the notes must suffer the same fate since the notes were given pursuant to the retainer agreement. However, on the face of the pleading, in the cause of action on the notes, sufficient was alleged to withstand a motion under former subdivision 4 of rule 106 of the Rules of Civil Practice, under which only the pleading could be considered. Nevertheless, respondent had coupled with its motion under subdivision 4 of rule 106 a motion under rule 113 for summary judgment based upon affidavits. The motion for summary judgment was denied on the ground that triable issues were presented. However, the affidavits on that branch of the motion supplied the basis for demonstrating that the cause of action on the notes was inextricably tied in with the cause of action on the retainer agreement. Hence, the third cause of action should have been dismissed under rule 113 as well as under rule 106. In any event, it is now the law of the case in view of the decision in *Handelman* v. *Olen* (*supra*) that plaintiff is relegated to causes of action based on *quantum meruit* rather than on the retainer agreement or notes given pursuant to that agreement. Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.

■  LUCIAN J. ROSSI v. WILLIAM MARX et al.— Motion for an order dismissing appeals taken by plaintiff-appellant dismissed, having become academic by virtue of the decision of this court in *Rossi* v. *Marx* (21 A D 2d 755). Concur — Botein, P. J., Rabin, Valente, McNally and Eager, JJ.